UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORDER TO CONSOLIDATE AND ORDER
OF DISMISSAL WITH LEAVE TO
REPLEAD

1.  25-cv-0357
2.  25-cv-0356
3.  25-cv-0329
4.  25-cv-0328
5.  25-cv-0327
6.  25-cv-0326
7.  25-cv-0325
8.  25-cv-0324
9.  25-cv-0323
10. 25-cv-0322
11. 25-cv-0320
12. 25-cv-0319
13. 25-cv-0318
14. 25-cv-0317
15. 25-cv-0316
16. 25-cv-0315

In re: RODRIGUEZ-MORALES,

Plaintiff.

17. 25-cv-0313
18. 25-cv-0312
19. 25-cv-0311
20. 25-cv-0310
21. 25-cv-0309
22. 25-cv-0308
23. 25-cv-0307
24. 25-cv-0306
25. 25-cv-0305
26. 25-cv-0304
27. 25-cv-0303
28. 25-cv-0301
29. 25-cv-0300
30. 25-cv-0299
31. 25-cv-0221
32. 25-cv-0220
33. 25-cv-0169
34. 25-cv-0168
35. 25-cv-0166
36. 24-cv-9768
37. 24-cv-9767

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings 37 actions. The claims asserted in his complaints are overlapping, related, or duplicative. Many of the same defendants are named in multiple actions.

The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") in the action opened under docket number 24-CV-9767. For the reasons set forth below, the Court (1) directs the Clerk of Court to assign to my docket all 37 actions and to consolidate the 37 actions under docket number 24-CV-9767; (2) dismisses each of the complaints in the consolidated action for failure to state a claim on which relief may be granted; (3) directs the Clerk of Court to terminate all of the defendants in each action and close all the actions except the action pending under docket number 24-CV-9767; and (4) grants Plaintiff 30 days' leave to file a single amended complaint in the 24-CV-9767 action only.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

On December 18, 2024, the Eastern District of New York transferred to this court an action filed by Plaintiff. *See Rodriguez-Morales v. Joseph*, No. 24-CV-9767 (LTS) (S.D.N.Y.). Plaintiff named as defendants several FBI agents and claimed that they "committed identity fraud with the New York City Police Department."[1] (ECF 1, at 4.) Plaintiff then filed 36 additional actions, asserting claims against officers employed by the New York City Police Department ("NYPD"). In these 36 actions, Plaintiff asserts claims that are duplicative, or substantially similar, and all of which concern alleged identity fraud, entrapment, and a cover-up of sexual exploitations. Each complaint, however, names different officers, although some complaints name some of the same officers. For example, in the complaint filed under docket number 25-CV-0168, Plaintiff names Officers James, Joseph Essig, Losman, Lopez, and Alejandro; in the complaint filed under docket number 25-CV-0328, he names Rudy Lopez, Chingalings, Al Losman, and Juan Jimenez. In all of the complaints, Plaintiff consistently follows a pattern of naming some defendants in several actions. As for his original action, filed under docket number 24-CV-9767, Plaintiff refers to some of the NYPD officers named in his subsequent 36 actions, including "Tisch," who the Court understands to be NYPD Commissioner Jessica Tisch, "Alejandro," "Jason," and "Alberto." (ECF 1, at 4.)

As for the underlying facts, Plaintiff's claims arise in New York and Atlanta, and date from 1990 to the present. He claims that NYPD officers harass him because he sought an FBI background check and that the FBI "switched my blood type and there are about 3 identities

---

[1] The Eastern District of New York also transferred a second case that Plaintiff brought against the Commissioner of the Social Security Administration. *Rodriguez-Morales v. Comm'r. of Soc. Sec.*, No. 24-CV-9766 (LTS) (S.D.N.Y.). Although that action also asserts claims against FBI agents, it is not included in this consolidation order. The Court will screen that action, under 28 U.S.C. § 1915(e)(2)(B), in due course.

under my name Elias Morales."[2] ECF 1:25-CV-0299, 1 (S.D.N.Y.). He indicates that he is

"mentally traumatized . . . want[s] disability . . . [and] [c]ompensation from the New York City

Police Department." *Id.* at 6. Plaintiff also claims that he is "a victim of Sexual Child

Exploitation homeless as a result so that New York City Police Department Officers can clear

there names for there own charges. I am also locked out of my accounts because these officers

see me as their runaway slave." ECF 1:25-CV-0306, 1 (S.D.N.Y.). With respect to Plaintiff's

allegations of identity theft, he alleges that Defendants are framing him, changing his name,

falsifying charges, and adopting him before September 11, 2001. *See, e.g.*, ECF 25-CV-0329, 1

(S.D.N.Y.).

## DISCUSSION

### A.    Order to Consolidate

Under Rule 42 of the Federal Rules of Civil Procedure, a district court may consolidate

civil actions pending in the same court if the actions "involve a common question of law or fact."

Fed. R. Civ. P. 42(a)(2). "The proper solution to the problems created by the existence of two or

more cases involving the same parties and issues, simultaneously pending in the same court [is]

to consolidate them under Rule 42(a)." *Miller v. USPS*, 729 F.2d 1033, 1036 (2d Cir. 1984). "In

assessing whether consolidation is appropriate . . . , a district court should consider both equity

and judicial economy." *Id.* "A district court can consolidate related cases under [Rule 42(a)] *sua

sponte.*" *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).

Because Plaintiff's actions involve the same, or similar, fact patterns, and name many of

the same defendants, both equity and judicial economy support the consolidation of these cases.

---

[2] The Court quotes from the complaints verbatim. All spelling, grammar, and punctuation
are as in the original unless noted otherwise.

The Clerk of Court is therefore directed to consolidate Plaintiff's 37 cases. All further papers filed or submitted for filing, including any amended complaint filed by Plaintiff, will be docketed only in the 24-CV-9767 matter.

**B.    The Consolidated Action Fails to State a Claim**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Court does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's consolidated action does not include sufficient factual allegations to comply with Rule 8 because Plaintiff does not state any facts suggesting that the named defendants were involved personally in violating his rights. Rather, he states in conclusory terms that the named defendants harmed him in some fashion, from 1990 to the present. Because Plaintiff does not state any facts in support of a claim against a named defendant, he fails to state a claim on which relief may be granted, and the Court dismisses each complaint in the consolidated action on this basis. *See* 28 U.S.C. § 1915(e)(2)(b)(ii).

**C.    Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim against the City of New York and/or one or more NYPD officers, the Court grants Plaintiff 30 days' leave to file an amended complaint to detail his claims. If Plaintiff files an amended complaint, he must include all the defendants in the amended complaint.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this consolidated action.

## CONCLUSION

The Court directs the Clerk of Court to assign to my docket the 37 actions listed on the first page of this order and consolidate the actions under docket number 24-CV-9767, pursuant to Fed. R. Civ. P. 42(a).

The Court dismisses each of the complaints in the consolidated action for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and directs the Clerk of Court to terminate all of the defendants in each action and close all the actions except the action pending under docket number 24-CV-9767. The Court grants Plaintiff 30 days' leave to file a single amended complaint in the 24-CV-9767 action only.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to hold this matter, No. 24-CV-9767, open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    January 29, 2025
          New York, New York

                              /s/ Laura Taylor Swain
                         _____
                              LAURA TAYLOR SWAIN
                         Chief United States District Judge